# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BRANDT BOX & PAPER CO., INC., | )<br>) |
| Plaintiff, | )<br>) |
| | ) No. 18 C 2499 |
| v. | )<br>) Judge Jorge L. Alonso |
| WORLD CENTRIC, INC., | )<br>) |
| Defendant. | ) |
| | ) |
| WORLD CENTRIC, | )<br>) |
| Third-Party Plaintiff, | )<br>) |
| v. | )<br>) |
| HARVEY BRANDT, GREENLEAF PACK, LLC, and STEPHANIE BRANDT, | )<br>)<br>) |
| Third-Party Defendant. | ) |

## ORDER

Third-party defendants' motions to dismiss [31, 38] are denied.

## STATEMENT

On April 9, 2018, Brandt Box & Paper Company ("Brandt Box") filed this action against defendant World Centric, Inc. ("World Centric"), asserting that World Centric, a supplier of Brandt Box, breached their 2012 distribution agreement ("the 2012 distribution agreement") by ceasing business with Brandt Box in 2014 and entering into an exclusive agreement with a competitor, Greenleaf Pack, LLC ("Greenleaf"), without giving proper notice of termination to Brandt Box.

World Centric filed a third-party complaint against Greenleaf, Harvey Brandt, and Stephanie Brandt. World Centric alleges that in 2014, Harvey Brandt, who World Centric understood to be a Brandt Box owner, executive, and employee, informed World Centric that he was creating a new business entity, Greenleaf, and moving Brandt Box's business with World Centric to Greenleaf. Purporting to act on behalf of Brandt Box, Harvey terminated the 2012 distribution agreement. Harvey and Stephanie, his daughter and a "member manager" of Greenleaf, began to conduct business with World Centric on behalf of Greenleaf. In May 2014,

World Centric entered into a distribution agreement with Greenleaf ("the 2014 distribution agreement"), which was similar in form to the 2012 distribution agreement.

World Centric's third-party complaint consists of five counts: (1) fraud, against Harvey; (2) tortious interference with prospective economic advantage, against Harvey; (3) fraud, by Greenleaf and Stephanie; (4) interference with prospective economic advantage, against Greenleaf and Stephanie; and (5) unjust enrichment, against Greenleaf, Harvey, and Stephanie (collectively, "the Greenleaf defendants").

The Greenleaf defendants argue that this Court should dismiss all counts of the third-party complaint under the doctrine of *forum non conveniens* because the 2014 distribution agreement, unlike the 2012 distribution agreement, contains a forum selection clause, which provides as follows: "The parties hereto agree to accept the exclusive jurisdiction and venue of the courts of the State of Illinois, and agree that any action arising out of this Agreement will be brought solely under the relevant courts located in Chicago, Illinois." (*See* ECF No. 1-2 at 9.) The Court agrees with the Greenleaf defendants that "the courts of the State of Illinois" means Illinois state courts, not federal courts located within Illinois, *see, e.g., Doe 1 v. AOL LLC*, 552 F.3d 1077, 1082 (9th Cir. 2009), but it does not agree that this is an action "arising out of" the 2014 distribution agreement. The terms of the 2014 distribution agreement are of secondary importance in this action; instead, the resolution of this action will depend on factual issues extraneous to the 2014 distribution agreement, such as Harvey's ability or inability to act on behalf of Brandt Box in 2014, World Centric's knowledge of his ability or inability to act on behalf of Brandt Box, and the circumstances surrounding the Greenleaf defendants' initiating a business relationship with World Centric, including their knowledge and intent. Even if the Court were inclined to construe the forum selection clause the way the Greenleaf defendants do, interests of judicial economy would weigh strongly in favor of litigating the World Centric/Greenleaf dispute in this Court, where the closely related Brandt Box/World Centric dispute is pending.

Next, the Greenleaf defendants argue that this Court should dismiss the third-party complaint on the merits because World Centric fails to state a claim in any of the five counts, particularly considering that World Centric must meet the heightened standard of Federal Rule of Civil Procedure 9(b) to plead claims of fraud or the like. The Court disagrees. Under Federal Rule of Civil Procedure 8(a), World Centric need only plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). World Centric has pleaded sufficient factual matter to meet this liberal notice-pleading standard. Further, World Centric's allegations "answer the 'who, what, where, and when' questions that [it] must answer to state a claim with particularity" under Rule 9(b). *See United States ex rel. Sloan v. Waukegan Steel*, LLC, No. 15 C 458, 2018 WL 1087642, at *4 (N.D. Ill. Feb. 28, 2018); *cf. United States ex rel. Keen v. Teva Pharm. USA Inc.*, No. 15 C 2309, 2017 WL 36447, at *4 (N.D. Ill. Jan. 4, 2017). World Centric has done what Rule 8 and Rule 9(b) require it to do by pleading enough facts to "enable[]" the Greenleaf defendants "to defend this action." *See Pension Tr. Fund for Operating Engineers v. DeVry Educ. Grp., Inc.*, No. 16 C 5198, 2017 WL 6039926, at *9 (N.D. Ill. Dec. 6, 2017). World Centric has met its pleading burden.

To the extent the Greenleaf defendants make other arguments going to the merits of the claims, the Court considers them unpersuasive (*see* World Centric Opp'n to Mot. To Dismiss, ECF No. 46), at least at this early stage, or more appropriate for resolution on summary judgment. The Greenleaf defendants' motion [38] to dismiss the third-party complaint is denied. Their earlier motion to dismiss [31] is denied as moot, based on the filing of the amended third-party complaint [35].

**SO ORDERED.**            **ENTERED: December 6, 2018**

**HON. JORGE ALONSO**
**United States District Judge**